1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JENNIFER M. PORTER, CASB No. 261508
   jennifer.porter@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California  90801-1730
5  Telephone:  (562) 436-2000
   Facsimile:   (562) 436-7416
6
7  Attorneys for Plaintiff
   STX PAN OCEAN CO., LTD., SEOUL
8

FILED

MAR 1 2 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED
BY COURT ORDER

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  STX PAN OCEAN CO., LTD., SEOUL           )   Case No.
                                            )   CV 12 1209 SI
13                          Plaintiff,       )
                                            )   IN ADMIRALTY
14          vs.                              )
                                            )   VERIFIED COMPLAINT OF STX PAN
15                                           )   OCEAN CO., LTD., SEOUL FOR
                                            )   MARITIME ATTACHMENT AND
16                                           )   GARNISHMENT PURSUANT TO
    ZHENHUA TRANSLINK SHIPPING CO.,         )   RULE B OF THE SUPPLEMENTAL
17  LTD.                                     )   RULES FOR ADMIRALTY OR
                                            )   MARITIME CLAIMS FOR BREACH
18                          Defendant.       )   OF CONTRACT
                                            )
19                                           )   [F.R.C.P. SUPPLEMENTAL
                                            )   ADMIRALTY RULE B]
20                                           )
21

22          Plaintiff, STX PAN OCEAN CO., LTD., SEOUL ("Plaintiff" or "STX"), by its

23  attorneys of record, Keesal, Young & Logan, complaining of the Defendant ZHENHUA

24  TRANSLINK SHIPPING CO., LTD. ("Defendant" or "ZTSC") herein, alleges upon

25  information and belief as follows:

26  ///

27  ///

28

- 1 -                                          KYL_SF551318

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT
AND GARNISHMENT

1

## JURISDICTION AND VENUE

2      1.      This is a case of admiralty and maritime jurisdiction pursuant to 28

3   U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule 9(h)

4   of the Federal Rules of Civil Procedure, in that it involves claims for breach of a

5   maritime contract for the charter of a vessel.

6      2.      The relief requested is available pursuant to the Federal Rules of

7   Civil Procedure, Supplemental Rules for Admiralty or Maritime Claim and Asset

8   Forfeiture Actions, Rule B.

9      3.      Venue is proper in this Court because assets of the Defendant to be

10   attached and/or garnished are located or will shortly be located in the Northern District

11   of California.

12

## THE PARTIES

13      4.      Upon information and belief, at all relevant times, Plaintiff STX was

14   and now is a corporation duly organized and existing under and by virtue of the laws of

15   Korea, with an office and place of business at 100-803, STX Nasman Tower, 631

16   Namdaemunno 5-ga, Jung-gu, Seoul, Korea.

17      5.      At all relevant times, Plaintiff STX was the disponent owner of the

18   vessel *M/V RED GARDENIA* (the "Vessel").

19      6.      Upon information and belief, all relevant times, Defendant ZTSC was

20   and now is a corporation or other business entity duly organized and existing under and

21   by virtue of the laws of a foreign country, with an office and place of business at Unit

22   1908A CBD Mansion, 16 Yong An Dong LI, Chao Yang District, Beijing, China 100022.

23      7.      Upon information and belief, at all relevant times, ZTSC chartered

24   the Vessel and operated the Vessel among various ports of the world in the ocean

25   carriage of goods by water for hire, including ports in the United States.

26   ///

27

28   ///

KYL SF551318

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT
AND GARNISHMENT

**FIRST CAUSE OF ACTION:**

**BREACH OF CHARTER – RULE B ATTACHMENT**

8.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-7 herein with the same force and effect as if set forth at length.

9.     Upon information and belief, by charter party dated June 25, 2010, on The Baltic and International Maritime Conference Uniform General Charter form, STX, as disponent owner, chartered the Vessel to ZTSC for a shipment of "800,000 metric tons / 5% in Charterers' option COA iron ore fines in bulk which to confirm with IMO regulations each shipment to be 50,000 metric tons / 10% upto [sic] 55,000 metric tons / 10% more or less in Owners' option, which exact shipment size to be declared by owners upon actual performing vessel nomination" from "1 safe berth(s), 1 safe port(s) Mobile, Alabama, U.S.A." (the "Loading Port") to "1 or 2 safe berth(s), safe port(s) China" (the "Discharge Port") (hereafter referred to as "the Charter"). (A true and accurate copy of which is attached hereto as Exhibit A).

10.     Upon information and belief, pursuant to the Charter, the Vessel tendered its Notice of Readiness at the Loading Port on or about July 9, 2011.

11.     Clause 41 of the Charter provides: "Demurrage rate to be declared by owners upon vessel nomination, but always not to exceed Baltic Index P2A on the date of vessel nomination.  Despatch to be half demurrage on actual time saved in both load and discharge port."

12.     Pursuant to the owners' vessel nomination, the daily demurrage rate was declared to be $23,6500.00.  (A true and accurate copy of the owners' vessel nomination is attached hereto as Exhibit B).

13.     Upon information and belief, in August 2011, Metawise Group Inc. ("Metawise"), as shipper, and/or ZTSC, as charterer, loaded approximately 8,900 MT of cargo on board the Vessel at the Loading Port.

KYL SF551318

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT AND GARNISHMENT

1           14.     Upon information and belief, on or about August 10, 2011, the cargo

2  was deemed to be wet and unfit for continued loading and ocean carriage on board the

3  Vessel.

4           15.     Upon information and belief, on the same day, the Vessel's master

5  suspended the loading of any additional cargo on aboard the Vessel.

6           16.     Upon information and belief, on September 15, 2011, Plaintiff's

7  London solicitors demanded in writing that ZTSC discharge the cargo at the Loading

8  Port.  (A true and accurate copy of Plaintiff's September 15 demand is attached hereto as

9  Exhibit C).

10          17.     Upon information and belief, ZTSC failed to response to STX's

11  September 15, 2011 demand or otherwise to perform its obligation to provide safe cargo

12  and remove the dangerous cargo from the Vessel.

13          18.     Upon information and belief, by letter dated September 23, 2011,

14  Plaintiff's London solicitors demanded arbitration pursuant to clause 19 of the Charter.

15  (A true and accurate copy of Plaintiff's September 23, 2011 letter is attached hereto as

16  Exhibit D)

17          19.     Upon information and belief,, the September 23 letter notified ZTSC

18  of Plaintiff's appointed arbitrator for London arbitration and demanded that ZTSC

19  appoint an arbitrator pursuant to clause 19 of the Charter.

20          20.     Upon information and belief, ZTSC failed to respond to STX's

21  September 23, 2011 demand or otherwise to appoint an arbitrator pursuant to clause 19

22  of the Charter.

23          21.     Upon information and belief,, to protect against the risks associated

24  with the continued storage of the dangerous cargo on board the Vessel at the Loading

25  Port, Plaintiff was forced to incur costs at in the sum of approximately $2,700,000.00 for

26  drying and redistributing the cargo.

27          22.     By charter party dated October 6, 2011, on The Baltic and

28  International Maritime Conference Uniform General Charter form, ZTSC entered into a

KYL SF551318

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT
AND GARNISHMENT

1  charterparty with Metawise for a shipment of "[t]otal 2,000,000 metric tons 5% more or

2  less in Owners' option COA iron ore fines in bulk which to comply with IMO regulations

3  each shipment to be 50,000 metric tons 10% more or less up to 55,000 metric tons more

4  or less in Owners' option, which exact shipment size to be declared by Owners upon

5  actual performing vessel nomination. From 1st January 2011 to 30th June 2012, two

6  shipments per month." (A true and accurate copy of the charterparty between ZTSC and

7  Metawise is attached hereto as Exhibit E).

8         23.   Upon information and belief, on or about November 3, 2011,

9  representatives of STX and ZTSC met in China, and STX again demanded that ZTSC

10  discharge the dangerous cargo on board the Vessel.

11         24.   Upon information and belief, ZTSC failed to respond to STX's

12  November 3, 2011 demand or otherwise to perform its obligation to provide safe cargo

13  and remove the dangerous cargo from the Vessel.

14         25.   Upon information and belief, on or about February 17, 2012, agents

15  for the Master of the Vessel issued a Bill of Lading No. 001, on the "CONGENBILL"

16  1994 edition form, for a shipment of 8,896.01 MT of iron ore fines from the Loading Port

17  to Veracruz, Mexico.  (A true and accurate copy of Bill of Lading No. 001 is attached

18  hereto as Exhibit F).

19         26.   Upon information and belief, on or about February 17, 2012, the

20  Vessel departed the Loading Port.

21         27.   Upon information and belief, the Vessel arrived in Veracruz, Mexico

22  during the first week of March, 2012.

23         28.   Pursuant to clause 23 of the Charter, demurrage charges are "to be

24  settled within 30 days after completion of discharge."

25         29.   Upon information and belief, during the performance of the Charter,

26  ZTSC incurred demurrage in the sum of approximately $5,200,000.00.

27         30.   Pursuant to clause 23 of the Charter, ZTSC is obligated to pay

28  Plaintiff ninety-five percent of the freight for the cargo within five (5) banking days after

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT
AND GARNISHMENT

1  completion of loading; ZTSC is obligated to pay the balance of the freight thirty (30) days

2  after the completion of discharge.

3      31.    On February 29, 2012, Plaintiff issued a partial freight invoice to the

4  Defendant in the amount of $480,384.54. (A true and accurate copy of Plaintiff's

5  February 29 invoice is attached hereto as Exhibit G).

6      32.    Upon information and belief, ZTSC operated the Vessel under the

7  Charter and failed to pay Plaintiff freight, deadfreight and demurrage pursuant to the

8  Charter.

9      33.    The Charter provides that all disputes between Plaintiff and ZTSC

10 are to be resolved by arbitration in London in accordance with English law.  Plaintiff

11 STX, as claimant, has commenced London arbitration proceedings against ZTSC to

12 recover its losses for breach of the Charter.  Under English law, including Section 63 of

13 the English Arbitration Act of 1996 and the laws of the United Kingdom, recoverable

14 costs including attorneys' fees, arbitrators' fees, disbursements and interest are

15 recoverable.  Attorneys' fees, arbitrators' fees, disbursements and interest are presently

16 estimated to be in excess of approximately $300,000.00.

17     34.    This action is brought by Plaintiff to recover its losses caused by the

18 breach of the Charter and to obtain security in favor of Plaintiff for such losses.  This

19 action is also brought to obtain security for such additional amounts as will cover

20 Plaintiff's anticipated costs in the instant action, as well as interest, all of which are

21 recoverable as part of Plaintiff's claims under applicable law.

22     35.    Plaintiff brings this action on its own behalf and on behalf of all

23 others who may be interested as their interests may ultimately appear.

24     36.    Upon information and belief, all conditions precedent required of

25 Plaintiff have been performed.

26     37.    Upon information and belief, by reason of the premises, Plaintiff (and

27 those on whose behalf this suit is brought) have sustained damages in the sum of

28 approximately in excess of $11,000,000.00, plus interest, costs and attorneys' fees, as

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT
AND GARNISHMENT

1  nearly as the same can now be estimated, no part of which has been paid, although

2  payment thereof has been duly demanded.  Plaintiff reserves its rights to increase this

3  amount should its losses and damages ultimately be in excess thereof.

4         38.    The resulting losses sustained by Plaintiff were not caused or

5  contributed to by any fault, negligence or want of care on the part of Plaintiff, but were

6  caused or contributed to by the fault, negligence and want of care on the part of the

7  Defendant, its agents, servants and employees and those in charge of the Vessel.

8         39.    Upon information and belief, and after investigation, the Defendant

9  cannot be found in this District for the purpose of Rule B of the Supplemental Rules for

10  Admiralty or Maritime Claims and Asset Forfeiture Actions, but Plaintiff is informed

11  the Defendant has, or will have during the pendency of this action, assets within this

12  District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, accounts, letters

13  of credit, freights, sub-freights, charter hire, sub-charter hire, bunkers, and/or other

14  assets of, belonging to, due, held, or being transferred for the benefit of the Defendant,

15  including but not limited to, assets at, or being transferred to or from Metawise Group

16  Inc., and/or such other garnishees who may be served with a copy of the Process of

17  Maritime Attachment and Garnishment issued herein.

18         40.    All and singular the premises are true, and within the Admiralty and

19  Maritime Jurisdiction of the United States and of this Honorable Court.

20         41.    The total amount sought by Plaintiff to be attached pursuant to Rule

21  B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

22  Actions by Plaintiff against the Defendant includes:

23              a.    Unpaid demurrage, in the amount of approximately

24                    $5,200,000.00;

25              b.    Unpaid freight, in the amount of approximately $500,000.00;

26              c.    Unpaid deadfrieght in the amount of approximately

27                    $2,500,000.00;

28

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT
AND GARNISHMENT

d.   Unpaid costs for drying and redistribution of the cargo in the amount of approximately $2,700,000.00;

e.   Unpaid inspection fees and other costs in the amount of approximately $500,000.00;

f.   Interest on the above sum at a rate of 10% per annum for three years, the estimated time it will take to obtain and enforce a final arbitration award and/or court judgment, which interest is recoverable, estimated to be $3,420,000.00;

g.   Estimated costs, including legal fees, of London arbitration, which are recoverable, in the amount of at least $300,000.00;

For a total claim of at least $15,120,000.00 as nearly as can presently be determined.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Honorable Court:

1.   Enter judgment in the sum of $15,120,000.00 in favor of Plaintiff and against the Defendant, together with interest, costs and attorneys' fees;

2.   That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction may issue against the Defendant, citing the Defendant to appear and answer the foregoing, failing which a default will be taken against the Defendant for the principal amount of the claim of $15,120,000.00, plus interest, costs and attorneys' fees;

3.   That since the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the amount of the claim of $15,120,000.00, be restrained and attached, including, but not limited to, any cash, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, bunkers, and/or other assets of, belonging to, due, held, or being transferred for the benefit of the Defendant, including but not limited to, such assets as may be held, received, or

-8-       KYL_SF551318

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT AND GARNISHMENT

1  transferred in its name or as may be held, received, or transferred for its benefit, at, or

2  within the possession, custody, or control of such garnishees including, but not limited to

3  Metawise Group Inc., and any such other garnishees upon whom a copy of the Process of

4  Maritime Attachment and Garnishment issued herein may be served; and

5          4.     That Plaintiff have such other, further and different relief as this

6  Court may deem just and proper in the premises.

7

8  DATED: March 9, 2012

9                                    JOHN D. GIFFIN
                                     JENNIFER M. PORTER
10                                   KEESAL, YOUNG & LOGAN
                                     Attorneys for Plaintiff
11                                   STX PAN OCEAN CO., LTD., SEOUL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -                                                    KYL_SF551318

VERIFIED COMPLAINT OF STX PAN OCEAN CO., LTD., SEOUL FOR MARITIME ATTACHMENT
AND GARNISHMENT